AARON D. FORD
  Attorney General
Amy A. Porray (Bar. No. 9565)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-0661 (phone)
(702) 486-3773 (fax)
Email: aporray@ag.nv.gov

*Attorneys for Defendant*
*Diana Hernandez*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JEFFREY LYNN FRANKLIN,<br><br>Plaintiff,<br><br>v.<br><br>HERNANDEZ, et al.,<br><br>Defendants. | Case No. 2:20-CV-00063-RFB-DJA<br><br>**DEFENDANT'S MOTION TO EXTEND THE DEADLINE TO FILE MOTION FOR SUMMARY JUDGMENT**<br>**(FIRST REQUEST)** |

Defendant, Diana Hernandez, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Amy A. Porray, Deputy Attorney General, of the State of Nevada, Office of the Attorney General, request this Court extend the deadline to file the Motion for Summary Judgment from **July 14, 2021**, to **August 16, 2021.** This is the first request.

I.  **INTRODUCTION**

Defendant, Diana Hernandez, respectfully requests this Court grant this request to extend the deadline to file the Motion for Summary Judgment. Good cause exists because counsel has had a serious medical emergency that required her to take extended medical leave and has affected all dates and deadlines in her cases.

///

///

///

Page **1** of **5**

## II. BACKGROUND

Plaintiff, Jeffrey Lynn Franklin sues Hernandez for alleged constitutional violations occurring while he was lawfully incarcerated in the Nevada Department of Corrections. ECF No. 10. Since filing suit, Franklin has been released from prison. ECF No. 7, 24. On June 15, 2021, Hernandez served her Initial Disclosures. To date, Franklin has not done disclosures nor propounded any discovery requests. Hernandez's counsel was also contacting various declarants in preparation of the motion for summary judgment. Additionally, Hernandez's counsel was scheduled for annual leave, beginning July 6, 2021, and returning July 13, 2021. The instant motion for summary judgment would have been completed prior to counsel's leave, and then reviewed, edited and approved during her leave and timely filed upon her return.

However, in the very late hours of Thursday, July 1, 2021/very early morning of Friday, July 2, 2021 (counsel is unsure of the time), counsel suffered a serious medical episode. *See* Declaration of Amy A. Porray. Counsel's live-in partner took her to the nearest hospital emergency room. *Id.* Following discharge, counsel was given instructions not to return to work in any capacity until her follow up with medical specialists. *Id.*

Counsel was placed on emergency medical leave beginning Friday, July 2, 2021. The end of the following week, counsel met with her medical specialist who ordered further specialized testing and allowed for a subsequent return to work. *Id.* Counsel returned to work on Monday, July 12, 2021. *Id.* Although, counsel is diligently working to get caught up on all cases, she must remain cognizant of her provider's treatment recommendations and the limitations posed by her physical abilities. *Id.* As of now, counsel is not at full working capacity.

Counsel does not have a current telephone number for Franklin or an email address and was not able to speak with him prior to the filing of the instant motion.

All of counsel's cases, dates and deadlines have been affected. As a result, Defendant respectfully requests that this Court grant her request for 30 days to file the Motion for Summary Judgment.

## III. LEGAL ARGUMENT

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). Rule 6(b)(1), Federal Rules of Civil Procedure, governs extensions of time:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D. Pa. 1962). The *Canup* Court explained that "the practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline. *Id.*

Counsel's unforeseeable medical emergency, which led to an extended medical absence and a complete inability to work demonstrates good cause. Counsel has actively and responsibly participated in the instant litigation. Counsel was on track to timely file the instant motion for summary judgment. However, now all of counsel's cases and their accompanying dates and deadlines have been affected.

Franklin has been released from incarceration since the filing of the instant action. He has not participated in discovery. Accordingly, a short continuance will not be prejudicial to him. Counsel brings this motion in the very best of faith and not for the purposes of delay.

## IV. CONCLUSION

Hernandez's motion for an extension of time to file a motion for summary judgment should be granted due to counsel's serious injury. Hernandez requests an extension from

the current due date of **July 14, 2021**, to **August 16, 2021**. This motion is brought in good faith and not for the purposes of delay.

DATED July 14, 2021.

          AARON D. FORD
          Attorney General

          By: /s/ Amy A. Porray
              Amy A. Porray (Bar. No. 9596)
              Deputy Attorney General
              *Attorney for Defendant*

**IT IS SO ORDERED**

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

DATED: July 15, 2021

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I certify that I am an employee of the State of Nevada, Office of the Attorney General, |
| 3 | and that on July 14, 2021, I electronically filed the foregoing **DEFENDANT'S MOTION** |
| 4 | **TO EXTEND THE DEADLINE TO FILE MOTION FOR SUMMARY JUDGMENT** |
| 5 | **(FIRST REQUEST)** via this Court's electronic filing system. Parties who are registered |
| 6 | with this Court's electronic filing system will be served electronically. |

Jeffrey Lynn Franklin
4414 E. Flamingo Road
Las Vegas, Nevada 89121

/s/ Natasha D. Petty
An employee of the
Office of the Nevada Attorney General

AARON D. FORD
Attorney General
AMY A. PORRAY (Bar No. 9596)
Deputy Attorney General
State of Nevada
Office of the Attorney General
555 East Washington Ave., #3900
Las Vegas, Nevada 89101
(702) 486-3216 (phone)
(702) 486-3773 (fax)
Email: aporray@ag.nv.gov

*Attorneys for Defendant,*
*Diana Hernandez*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JJEFFREY LYNN FRANKLIN,<br><br>Plaintiff,<br><br>v.<br><br>HERNANDEZ, et al.,<br><br>Defendants. | Case No. 2:20-CV-00063-RFB-DJA<br><br>**DECLARATION OF DEPUTY ATTORNEY GENERAL AMY A. PORRAY** |

I, Amy A. Porray, hereby attest that the following statements to the best of my knowledge are true and correct.

1. I am employed as a Deputy Attorney General (DAG) in the Office of the Nevada Attorney General (OAG). I am employed in the Public Safety Division, Nevada Department of Corrections.

2. That I am competent to provide the instant Declaration.

3. I represent the Defendant, Diana Hernandez, in the instant action.

4. That I provide this Declaration in support of my request for an extension of time to file a motion for summary judgment.

5. That the due date to file a motion for summary judgment is July 14, 2021.

6. That I was scheduled for annual leave to commence on July 6, 2021, with a return date of July 14, 2021.

7. That in preparation for annual leave, prepared a litigation schedule to meet all dates and deadlines for her caseload while on annual leave.

8. That, due to the deadline in the instant case occurring on July 14, 2021, I scheduled the litigation-preparation dates of July 1-5, 2021, for the drafting and finalization of the instant motion.

9. That I had also been working on the document preparation and contacting declarants for the instant motion prior to July 1, 2021.

10. That very late Thursday night (July 1, 2021)/early Friday morning (July 2, 2021), I suffered an incredibly serious medical episode. I do not remember the time.

11. That I went to the emergency room.

12. That my medical episode was so serious that, in addition to all other medically related concerns, my live-in partner immediately cancelled our annual leave vacation based on injury severity, medical direction, the necessity of follow up visits with specialists and specialized testing.

13. That I was on medical leave from July 2—until July 12, 2021.

14. That I was not permitted to work during medical leave.

15. That I am still not able to work at full capacity.

16. That I have been doing my utmost diligence to comply with all cases, dates and deadlines since returning to work.

17. That I bring this motion in good faith and not for the purposes of delay.

Pursuant to Title 28, United States Code, Section 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 14th day of July, 2021.

AARON D. FORD
Attorney General

By: /s/ Amy A. Porray
Amy A. Porray (Bar No. 9596)
Deputy Attorney General