UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEFFREY LYNN FRANKLIN,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>HERNANDEZ, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 2:20-cv-00063-ART-DJA<br><br>ORDER |

　　Plaintiff Jeffrey Lynn Franklin, proceeding pro se, brings this action under 42 U.S.C. § 1983 for deliberate indifference to serious medical needs relating to Plaintiff's requests to be placed on a lower bunk due to back pain, for a violation of equal protection relating to not being classified as a community trustee, and for a violation of equal protection relating to a delay of approximately one month in Plaintiff's release on parole. (ECF Nos. 3-1, 10.) Before the Court is Defendant Diana Hernandez's motion for summary judgment. (ECF No. 31.) For the reasons set forth in this order, the Court grants Defendant Hernandez's motion for summary judgment and dismisses this case.

I.　**BACKGROUND**

　　Plaintiff filed this action *in forma pauperis* on January 9, 2020 and filed an amended complaint on January 23, 2020. (ECF Nos. 1, 3.) Plaintiff brought four claims: (1) a claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment and the due process clause of the Fourteenth Amendment; (2) a claim for denial of access to the courts in violation of the First and Fourteenth Amendments; (3) a claim for violations of the due process and equal protection clauses of the Fourteenth Amendment relating to his NDOC classification; and (4) a claim for violations of the due process and equal protection clauses of the Fourteenth Amendment relating to a delay in his release

on parole. (ECF No. 3-1.) Plaintiff named three defendants, all in their individual and official capacities: (1) Hernandez, a caseworker at the Three Lakes Valley Conservation Camp; (2) Jerry Howell, warden of Southern Desert Correctional Center; and (3) Dressen, associate warden of Southern Desert Correctional Center. (*Id.*) Plaintiff's amended complaint was screened on September 23, 2020, and the Court allowed Plaintiff's Eighth Amendment deliberate indifference claim, Fourteenth Amendment equal protection claim relating to classification, and Fourteenth Amendment equal protection claim relating to his release on parole to proceed against Defendant Hernandez. (ECF No. 10.)

For his deliberate indifference claim, Plaintiff alleges that he felt great pain in his lower back and was seen at High Desert State Prison ("HSDP") for this pain in December of 2017 where he received a prescription for 800 milligram ibuprofen pills and an order to receive a lower sleeping bunk. (ECF No. 3-1 at 4.) Plaintiff was then transferred in February of 2018 to Three Lakes Valley Conservation Camp ("TLVCC"), and in his initial interview with Defendant Hernandez, Hernandez stated that she would not give Plaintiff a lower bunk and that Plaintiff could return to HSDP if he desired a lower bunk. (*Id.*) Plaintiff's back pain allegedly worsened as Plaintiff was required to climb onto a higher bunk, and Plaintiff allegedly submitted several medical kites and an emergency grievance which led to Plaintiff being seen by a doctor who again assigned Plaintiff to a lower bunk. (*Id.*) Defendant Hernandez allegedly nonetheless deliberately failed to give Plaintiff a lower bunk and Plaintiff experienced pain for a year. (*Id.*)

For his equal protection claim relating to his NDOC classification, Plaintiff alleges that his consideration by the Offender Management Division ("OMD") for a classification status as a community trustee was stayed after Defendant Hernandez knowingly introduced false and misleading information into Plaintiff's file relating to a conviction for a crime of violence. (*Id.* at 6.) Under Administrative Regulation 521.05, an inmate becomes ineligible for classification as a

2

community trustee if the inmate has a conviction for a felony involving the use of threat of violence within the last three years. (*Id.*) Plaintiff explains that he was convicted more than ten years ago for drug trafficking which was a non-violent offense. (*Id.*) In the screening order, the Court held that Plaintiff stated a colorable equal protection claim under a class-of-one theory based on the allegations that other inmates with similar criminal background, i.e. those without a felony involving violence within the last three years, were not targeted with fabricated information during classification in the way that Plaintiff was targeted by Defendant Hernandez. (ECF No. 10.)

For his equal protection claim relating to his release on parole, Plaintiff alleges that he was granted parole with an effective date of January 1, 2020. (ECF No. 3-1 at 8.) Plaintiff states that on January 2, 2020, Plaintiff communicated his parole to Defendant Hernandez who then said that the January 1, 2020 date did not mean anything to her and that she had locked in Plaintiff to a release date of February 5, 2020. (*Id.*) In the screening order, the Court held that Plaintiff stated a colorable equal protection claim based on the allegations that Defendant Hernandez targeted Plaintiff by altering his release date for no valid reason where other similarly situated individuals were not targeted. (ECF No. 10.)

Defendant Hernandez brought a motion for summary judgment on September 27, 2021.[1] (ECF No. 31.) Defendant Hernandez also sought to submit Plaintiff's medical records and filed a motion for leave to file under seal. (ECF No. 33.) As no opposition to the motion for leave to file under seal was submitted, and for good cause shown, the Court grants the motion to file under seal.

\\\

---

[1] To date, Plaintiff has not filed a response to Defendant Hernandez's motion for summary judgment. Plaintiff last updated his address with the Court on April 8, 2021, approximately five months before the summary judgment motion was filed. (ECF No. 24.) In this update, Plaintiff provided a non-custodial address. There is no indication that the summary judgment motion was returned in the mail as undeliverable. The Court nonetheless considers Defendant Hernandez's motion for summary judgment on the merits pursuant to Local Rule LR 7-2(d).

## II. DISCUSSION

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). If the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

### A. DELIBERATE INDIFFERENCE

To maintain a claim under the Eighth Amendment for deliberate indifference to serious medical needs, a plaintiff must show: (1) a "serious medical need" by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain; and (2) that the defendant's response to the need was deliberately indifferent, which can be demonstrated by showing a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The first element is an objective standard requiring the plaintiff to show that the deprivation was serious enough to amount to cruel and unusual punishment, and the second element is a subjective standard requiring the plaintiff to show that the defendant acted with

1    deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A defendant
2    may only be liable under 42 U.S.C. § 1983 if the plaintiff shows personal
3    participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.
4    1989).

5        Defendant Hernandez argues that she is entitled to summary judgment
6    because she was not initially aware of Plaintiff's back condition, at no time did
7    his medical records show that Plaintiff was ordered a lower bunk, and even after
8    she became aware of his request for a lower bunk, she lacked the authority, as
9    non-medical staff, to order such a change. (ECF No. 31.) According to Defendant
10   Hernandez, when Plaintiff first transferred to TLVCC, Plaintiff did not inform her
11   of any medical concerns, and none were indicated in his medical records, (ECF
12   No. 31-6 at 12, note dated 02/08/2018 – 11:43), and there was no lower bunk
13   order for Plaintiff, (ECF No. 34-1 at 5, 17). Although Plaintiff's medical records,
14   filed under seal (ECF No. 34-1), clearly confirm he complained of back pain,
15   Defendant Hernandez asserts that NDOC custody staff such as herself do not
16   make the determination of whether a lower bunk for an inmate is medically
17   necessary. (ECF No. 31 at 9.) Although Plaintiff submitted a medical kite
18   complaining of back pain and requesting a lower bunk after he arrived at TLVCC,
19   (ECF No. 34-1 at 12), a medical staff member noted in response, "Checked file
20   and do not see an order for lower bunk." (*Id.*)

21       The uncontested evidence proffered in this case shows that even after
22   Defendant Hernandez became aware that Plaintiff had submitted medical kites
23   complaining about his back pain, there was no medical order assigning Plaintiff
24   to a lower bunk and Defendant Hernandez, as non-medical staff, lacked the
25   authority to order it. *See D'Amico v. Bannister*, WL 684786, at *8 (D. Nev. 2013),
26   *report and recommendation adopted,* 2013 WL 685211 (D. Nev. 2013), *aff'd*, 558
27   F. App'x 739 (9th Cir. 2014) (citing *Taylor*, 880 F.2d at 1045) (granting summary
28   judgment for a deliberate indifference claim on the basis that the defendant was

1  a caseworker and not medical staff). Because Defendant Hernandez lacked
2  authority to order Plaintiff a lower bunk, Defendant Hernandez's inaction cannot
3  have been due to deliberate indifference and therefore Plaintiff's claim fails to
4  meet the subjective prong of the deliberate indifference standard. Because there
5  is no genuine issue of material fact as to whether Defendant Hernandez's inaction
6  constitutes deliberate indifference, Defendant Hernandez's motion for summary
7  judgment on Plaintiff's Eighth Amendment claim is granted.

### B.   EQUAL PROTECTION: INMATE CLASSIFICATION

An equal protection claim under a class-of-one theory requires a plaintiff to demonstrate that the defendant purposefully treated them differently than similarly situated individuals without any rational basis for the disparate treatment. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). The screening order allowed Plaintiff's class-of-one equal protection claim to proceed because malicious and vindictive falsification of Plaintiff's records by Defendant Hernandez would not be rationally related to any legitimate NDOC policy or practice. (ECF No. 10.) Defendant Hernandez argues that she is entitled to summary judgment she lacked the authority to grant Plaintiff his desired classification and did not personally participate in the decision. (ECF No. 31 at 11.) Defendant Hernandez also points to the fact that the information Plaintiff complains about was present in his Pre-Sentence Investigation Report dated October 27, 2006, which would have been in his file before Defendant Hernandez became Plaintiff's caseworker, thus making it impossible for her to have maliciously and falsely introduced that information. (*Id.* at 11-12.)

The Court agrees with Defendant Hernandez. The evidence submitted in this case does not create a genuine issue of material fact as to whether Defendant Hernandez had any authority over or personal involvement in Plaintiff's classification. *See Taylor*, 880 F.2d at 1045. Defendant Hernandez states that this determination is made by the Offender Management Division, not by her,

and Plaintiff has not proffered any evidence to the contrary. (ECF No. 31 at 11.) It is also not possible that Defendant Hernandez was personally responsible for introducing the information present in Plaintiff's 2006 Pre-Sentence Investigation Report into Plaintiff's file. Defendant Hernandez's motion for summary judgment on Plaintiff's equal protection claim relating to Plaintiff's inmate classification is granted.

### C.   EQUAL PROTECTION: RELEASE ON PAROLE

Plaintiff alleges that Defendant Hernandez violated Plaintiff's equal protection rights under a class-of-one theory when she willfully ignored Plaintiff's January 1, 2020, effective parole date and stated that she personally "locked" Plaintiff's parole date to be February 5, 2020. (ECF No. 3 at 8.) Defendant Hernandez argues that she is entitled to summary judgment on this claim because the State Board of Parole Commissioners, not Defendant Hernandez or NDOC, determined Plaintiff's parole date and because the Nevada Division of Parole and Probation of the Department of Public Safety ("Parole and Probation") set a parole release date of February 5, 2020. (ECF No. 31; *see Taylor*, 880 F.2d at 1045.) The documents submitted by Plaintiff and Defendant Hernandez show that there is no genuine issue of material fact as to whether Defendant Hernandez was personally involved in deciding the date that Plaintiff was released on parole. Plaintiff submitted with his amended complaint an Order Granting Parole from the State Board of Parole Commissioners which states that parole was granted on October 14, 2019 with an effective date of January 1, 2020. (ECF No. 3-1 at 13.) Plaintiff's October 14, 2019 request regarding his release date was addressed to caseworker Childers, who responded that she submitted his request to Anderson at Parole and Probation. (ECF No. 3-1 at 15.) Plaintiff's subsequent requests on December 2, 2019, and January 2, 2020, were addressed to Anderson at Parole and Probation, not Defendant Hernandez. (*Id.* at 16-17.) None of these documents show any involvement from Defendant Hernandez. There is

no evidence to create a genuine issue of material fact as to Defendant Hernandez's involvement. Defendant Hernandez's motion for summary judgment on Plaintiff's equal protection claim relating to his release on parole is granted.

### III. CONCLUSION

It is therefore ordered that Defendant Hernandez's motion for summary judgment (ECF No. 31) is granted.

It is further ordered that this case be dismissed.

DATED THIS 6th day of December 2022.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE